# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TETI AMUN RA-BEY | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 20-648 |
| TIMIKA LANE, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 11, 2020**

Citing Moorish American National Government doctrines and copying *verbatim* from the United States Constitution, Treaties and statutes, an incarcerated *pro se* prisoner now asks the taxpayers pay his fees to sue a state court Judge and his former court-appointed lawyer arguing the Judge's Orders in his criminal case and his former Court-appointed defense lawyer violated his civil rights through his representation. We agree with the incarcerated *pro se* prisoner as to his inability to pay the present filing fees allows him leave to proceed without paying the fees now but require his Warden to collect these fees under Congress's mandate. But the incarcerated *pro se* prisoner may not proceed with his claims against the state court Judge in a civil rights case as the Judge's alleged conduct is entirely through the entry of Orders. There is also no alleged basis for a federal civil rights claim against the Pennsylvania citizen's local lawyer. We dismiss the civil rights claims against the state court Judge and his former lawyer with prejudice mindful the incarcerated *pro se* prisoner may possibly file timely claims in state court against his lawyer if merited.

## I. Alleged *pro se* facts[1]

The Commonwealth presently detains Teti Amun Ra-Bey, also known as Carl Smith, at Curran-Fromhold Correctional Facility. Mr. Ra-Bey alleges civil rights violations by: (1) Judge Timika Lane of the Philadelphia County Court of Common Pleas, who previously presided over a pending criminal matter against Mr. Ra-Bey; and, (2) Earl D. Raynor, a court-appointed defense attorney representing Mr. Ra-Bey in the matter.[2] He pleads almost *verbatim* recitations from other documents, including, but not limited to, either: (1) treaties and constitutions related to Mr. Ra-Bey's "Moorish" heritage;[3] or (2) portions of the United States Constitution, the United States Code, including both criminal and civil statutory provisions, and the Judicial Code of Conduct or the Rules of Professional Responsibility governing attorneys.[4] Only a small fraction of the Complaint pleads facts relating to potential legal claims.

Mr. Ra-Bey appears to allege he asked Judge Lane to withdraw the entry of appearance of his court-appointed counsel, Defendant Raynor, in his criminal proceeding.[5] Mr. Ra-Bey alleges Judge Lane initially granted his request, but just a day later, "placed [Attorney Raynor] back on as counsel of record[]" in violation of the Judicial Code of Conduct.[6] Mr. Ra-Bey similarly alleges Attorney Raynor "violated that code of professional conduct" governing attorneys.[7] Mr. Ra-Bey then alleges Judge Lane and his lawyer "committed or conspired" to engage in conduct violating his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendment rights under the United States Constitution and "failed, refused or neglected to protect" Mr. Ra-Bey from their "willing perversion" of his constitutional rights.[8] Mr. Ra-Bey seeks approximately $225,000 for the Judge's and attorney's denial of due process, effective counsel, and the right to be heard.[9] He also

2

seeks in excess of $300,000 in punitive damages and asks us to remove both Judge Lane and Attorney Raynor from his criminal proceeding.[10]

## II. Analysis

We grant Mr. Ra-Bey leave to proceed *in forma pauperis* as it appears he is incapable of paying the fees to begin this case.[11] Congress requires we dismiss his Complaint if, among other things, he fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We must determine whether Mr. Ra-Bey pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] Conclusory allegations and generalized statements do not suffice to state a claim.[13] As Mr. Ra-Bey is proceeding *pro se*, we construe his allegations liberally.[14]

Mr. Ra-Bey alleges violations of his civil rights under 42 U.S.C. § 1983, the statute allowing him to file federal constitutional claims in federal court.[15] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[16]

Mr. Ra-Bey seeks monetary damages from Judge Lane in her individual capacity on the basis of her entry of Orders in Mr. Ra-Bey's criminal proceeding. He claims these Orders violated his constitutional rights or the Judicial Code of Conduct. Judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.[17] An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."[18] Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"[19]

The only allegations Mr. Ra-Bey makes against Judge Lane are complaints arising from judicial determinations she made and Orders she entered in his state court criminal case, and he

3

has not plead facts suggesting Judge Lane lacked jurisdiction. Judge Lane is entitled to absolute immunity.[20] Mr. Ra-Bey's claims against Judge Lane are barred by judicial immunity. We dismiss claims against Judge Lane with prejudice as amendment would be futile.

Mr. Ra-Bey similarly cannot maintain a constitutional claim against Attorney Raynor because Attorney Raynor is not a state actor for purposes of section 1983.[21] We must dismiss Mr. Ra-Bey's claims against Attorney Raynor with prejudice as amendment would be futile. To the extent Mr. Ra-Bey asks us to intervene in his criminal proceedings, we may not do so.[22] Nothing in today's Order precludes Mr. Ra-Bey from timely pursuing other claims against Attorney Raynor not based on section 1983.

## III. Conclusion

We grant Mr. Ra-Bey leave to proceed *in forma pauperis* but dismiss his Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The facts are taken from Mr. Ra-Bey's Complaint and attached documents and exhibits.

[2] ECF Doc. No. 2 at 2-3; *see Commonwealth v. Smith*, CP-51-CR-0005823-2018 (C.P. Phila.).

[3] Mr. Ra-Bey cites portions of The Treaty of Peace and Friendship of 1836 A.D and the Zodiac Constitution. ECF Doc. No. 2 at 1-2, 4-5, 10.

[4] Mr. Ra-Bey cites from: (1) Articles I and IV of the United States Constitution, as well as Amendments I, IV, V, VII, VII, IX, X; (2) 18 U.S.C. §§ 241-241, 1001, 1581, and 42 U.S.C. §§ 1983, 1985; (3) Rules 2.3-2.5 of the Judicial Code of Conduct; and (4) Rules 1.2-1.4 of the Rules of Professional Conduct. (ECF No. 2 at 3, 6-9.) Mr. Ra-Bey also cites part of the United Nations Declaration of Human Rights. ECF Doc. No. 2 at 7.

[5] ECF Doc. No. 2 at 2, ¶¶ 1-2.

[6] *Id.* at 2-3, ¶ 2.

[7] *Id.* at 3, ¶ 3.

[8] *Id.* at 5.

⁹ *Id.* at 10, ¶¶ 6-8. We do not read the Complaint as seeking we invalidate the state court Orders or proceedings, but instead award monetary damages for allegedly violating Mr. Ra-Bey's rights based on Judge Lane's and Attorney Raynor's conduct.

¹⁰ ECF Doc. No. 2 at 10, ¶¶ 4-5, 9-17.

¹¹ As Mr. Ra-Bey is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

¹² *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

¹³ *See id.*

¹⁴ *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

¹⁵ To the extent Mr. Ra-Bey cites other statutes or provisions, they do not support a legal basis for a claim.

¹⁶ *West v. Atkins*, 487 U.S. 42, 48 (1988).

¹⁷ *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

¹⁸ *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

¹⁹ *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

²⁰ *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding section 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity").

²¹ *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

²² *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for Younger abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").